UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

UNITED STATES,                 :

                        :

            Plaintiff,     :

                        :      **ORDER DISMISSING**

    -against-           :      **PETITION FOR LACK**

                        :      **OF JURISDICTION**

DAVID M. FELSKE,        :

                        :      3:24-CR-13 (VDO)

           Defendant.     :

------------------------------------------------------------------   :

                        x

**VERNON D. OLIVER**, United States District Judge:

In November 2015, Defendant David Felske was sentenced in the Northern District of Indiana to 100 months' imprisonment followed by a term of 36 months' supervised release.[1] On January 16, 2024, after he was released from custody and began serving his term of supervised release, jurisdiction of Mr. Felske's case was transferred to the District of Connecticut.[2]

On December 22, 2025, Defendant David Felske appeared for a revocation hearing, where the Court imposed sentence after finding that he violated the terms of his supervised release (the "December 22, 2025 Revocation").[3] The Court revoked Mr. Felske's supervised release and sentenced him to six months' imprisonment, followed by a new 18-month term of supervised release.[4] In granting counsel's request to defer imprisonment, the judgment provided that Mr. Felske "shall surrender for service of sentence at the institution designated

---

[1] ECF No. 1 at 11–12.

[2] *Id.* at 1.

[3] ECF No. 56.

[4] ECF No. 58.

by the Bureau of Prisons: before 2 p.m. on <u>February 5, 2026</u>," a little over five weeks after the date of sentencing.[5]

On January 9, 2026, the United States Probation Department filed a violation petition ("Second Violation Petition"), alleging that Mr. Felske committed two additional violations of his conditions of supervised release.[6] The Second Violation Petition alleges that, after Mr. Felske's revocation hearing but before his self-surrender date of February 5, 2026, Mr. Felske (1) violated the condition that he reside at the Residential Reentry Center and (2) violated the condition that he not unlawfully use any controlled substance.[7] After Mr. Felske's initial appearance on the Second Violation Petition on January 14, 2026, the Court ordered the parties to file simultaneous briefs on the threshold issue of jurisdiction.[8] The Court also modified the judgment by ordering that Mr. Felske "shall self-surrender to the United States Marshals effective immediately."[9] Mr. Felske is currently serving his term of imprisonment based on the Court's December 22, 2025 Revocation.

Pending before the Court is Mr. Felske's motion to dismiss the pending Second Violation Petition for lack of jurisdiction.[10] The motion is ripe as of February 23, 2026.[11]

---

[5] *Id.*

[6] ECF No. 60.

[7] *Id.*

[8] ECF No. 67.

[9] ECF No. 75.

[10] ECF No. 76.

[11] ECF Nos. 77, 80, 81, 84, 85.

## I.      **LEGAL STANDARD**

The statutory regime under the Sentencing Reform Act empowers a district court "to impose at the time of sentencing a post-imprisonment term of supervised release as an additional component of the sentence." *United States v. Fernandez*, 152 F.4th 124, 130 (2d Cir. 2025) (citing 18 U.S.C. § 3583(a)). "A defendant must comply with conditions set by a district court as part of the term of supervised release." *Id.* "Imposition of supervised release is authorized by the original conviction, and so too are the consequences of its violation." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). "A violation of an imposed condition could result in the revocation of a defendant's term of supervised release and require that the defendant 'serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release.'" *Fernandez*, 152 F.4th at 131 (quoting 18 U.S.C. § 3583(e)(3)). To "revoke" in the supervised release context, the Supreme Court has held, means "to call or summon back," without the implication that no further supervised release is subsequently possible. *United States v. Vargas*, 564 F.3d 618, 622 (2d Cir. 2009) (quoting *Johnson v. United States*, 529 U.S. 694, 706 (2000)). The Second Circuit has not yet ruled on whether a defendant remains subject to conditions of supervised release after revocation but before self-surrender. *United States v. Banks*, 763 F. App'x 132, 134 n.3 (2d Cir. 2019).

## II.     **DISCUSSION**

Upon due consideration, this Court finds that it lacks jurisdiction under 18 U.S.C. § 3583(e)(3) to revoke Mr. Felske's supervised release at this juncture, where Mr. Felske is currently serving a term of imprisonment as a direct result of the December 22, 2025 Revocation of his supervised release. As mentioned, in December 2025, the Court revoked Mr.

3

Felske's supervised release and sentenced him to six months' imprisonment, followed by a new 18-month term of supervised release. Then, in setting a date for Mr. Felske to self-surrender, the Court did not explicitly articulate that Mr. Felske remained subject to supervised release and its conditions (as opposed to pretrial release) after revocation but before self-surrender. Because at the time of the filing of the Second Violation Petition the Court had already revoked supervised release *and* imposed sentence on Mr. Felske, and modified the judgment to order Mr. Felske to serve his term of imprisonment, the Court cannot again modify that sentence. There cannot be subsequent violations of a previously revoked term of supervised release after a sentence has been imposed for that revocation. Nor can the Court revoke a term of supervised release for the separate reason that Mr. Felske is currently serving a term of imprisonment. *See United States v. Wing*, 682 F.3d 861, 864 (9th Cir. 2012); *but see United States v. Harris*, 878 F.3d 111, 120 (4th Cir. 2017).

## III.    **CONCLUSION**

For the preceding reasons, the motion to dismiss the Second Violation Petition is **granted**.

**SO ORDERED.**

Hartford, Connecticut
May 14, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

4